# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

TELASIA INC., )
        Plaintiffs, ) Case No. 2:14-cv-00399-MMD-GWF
vs. ) **FINDINGS AND RECOMMENDATIONS**
EZ SUPPLY, INC., )
        Defendants. ) Motion to Strike Answer and Motion for Default Judgment - #16

This matter is before the Court on Plaintiff's Motion to Strike Answer and Motion for Default Judgment Against EZ Supply, Inc. (#16), filed on September 23, 2014. Defendant EZ Supply, Inc. did not file a response to Plaintiff's motion.

## BACKGROUND

On August 12, 2014, the Court granted Defendant's counsel's motion to withdraw from this case based on Defendant's failure to fulfill financial obligations and inadequate communication. The Court instructed the Defendant that it had fourteen (14) days to retain new counsel, because, as a corporation, it may not represent itself without counsel. (#12). Defendant has not retained new counsel and has not responded to Plaintiff's motion to strike its answer and enter a default judgment.

**1.  Motion to Strike Answer**

Plaintiff requests that the Court strike the Defendant's Answer (#7) because Defendant did not retain new counsel to represent it in this action. A corporation, partnership, or association may not appear in court except through licensed counsel. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-202 (1993). Defendant has not responded to the

Court's August 12, 2014 Order (#12) directing it to retain new counsel. The Court therefore recommends that Defendant's Answer (#7) be stricken.

### 2. Motion for Default Judgment

The Court may appropriately enter a default judgment against a defendant corporation when it has failed to retain counsel to represent it as directed by the court. *United States v. High County Broad Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993). Plaintiff seeks a default judgment in the amount of $353,785.06. Plaintiff provided the Court with exhibits detailing the purchases made by the Defendants that were allegedly not paid for, including thousands of hot dog steamers, rice cookers, and personal blenders. Plaintiff was owed a total of $423,847.78 for the items purchased, but was able to recover $70,062.72 of the merchandise. Therefore, the total amount owed is $353,785.06. The damages requested by Plaintiff are reasonably supported by the declaration of Plaintiff's president and by the invoices and other exhibits attached to his declaration and the motion. The Court therefore recommends that a default judgment be entered in Plaintiff's favor and against Defendant in the amount of $353,785.06.

### 3. Interest on Default Judgment

Nevada law controls the accrual of interest on judgments. *Roul v. George*, 2014 WL 1308607 at *7, (D. Nev. 2014). Nevada law provides that interest is computed from the date of service of the summons and complaint. N.R.S. 17.130. The interest rate is determined to be "a rate equal to the prime rate at the largest bank in Nevada, as ascertained by the Commissioner of Financial Institutions, on January 1 or July 1, as the case may be, immediately preceding the date of the transaction, plus 2 percent." N.R.S. 99.040. According to the Commissioner, the current interest rate is 3.25%, causing the total rate in this case to be 5.25% interest.[1] The total pre-judgment interest in this case was $18,573.72 as of the date the motion was filed. The Court therefore recommends that the total pre-judgment interest be awarded in the amount of $18,573.72 through September 23, 2014, with additional interest at the rate of 5.25% per annum through the date of entry of the judgment.

---

[1] http://www.fid.state.nv.us/prime/primeinterestrate.pdf

### 4. **Costs and Attorney's Fees**

Attorney's fees are ordinarily not recoverable absent specific statutory authority, a contractual right, or aggravated conduct. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240 (1975). Here, there is a contractual right, as Section 8.4 of the Vendor Agreement provides that "the substantially prevailing party shall be entitled to all of its reasonable attorneys fees and costs." (#16, Exhibit 1). Plaintiff claims they are owed $25,671.00 in fees and $618.70 in costs. (#16, pg. 4).

The Supreme Court has held that reasonable attorney fees must "be calculated according to the prevailing market rates in the relevant community," considering the fees charged by "lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11, 104 S.Ct. 1541 (1984). Courts typically use a two-step process when determining fee awards. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the Court must calculate the lodestar amount "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Id.* Furthermore, other factors should be taken into consideration such as special skill, experience of counsel, and the results obtained. *Morales v. City of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed . . . [w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Second, the Court "may adjust the lodestar, [only on rare and exceptional occasions], upward or downward using a multiplier based on factors not subsumed in the initial calculation of the lodestar." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

Plaintiff requests the following hourly rates for the attorneys and paralegals who worked on the case: $500/hour for partner John S. Delikanakis, $200/hour for associate attorney Justin A. Shiroff, $190/hour for paralegal Brenda Kay Lilge, $190/hour for paralegal Jennifer Smith, and $125/hour for paralegal Natalie D. Unzueta. Mr. Delikanakis submitted an affidavit stating that he was a 1995 law school graduate who has been practicing in Nevada for almost 20 years. *Motion (#16), Exhibit B, pg. 2*. No information is submitted regarding the experience of the other attorney

and paralegals.  Mr. Delikanakis represents that the amounts charged "were reasonable and customary for the work completed." *Id.*  Reasonable fees are calculated based on the "prevailing market rates in the relevant community" considering the fees charged by "lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886 at 895-96 n. 11 (1984).  The Court finds that the hourly rates for the services of Mr. Delikanakis and Mr. Shiroff are reasonable given their experience and the Court's knowledge of the customary rates charged in this community for similar legal services.  Plaintiff has failed to provide adequate support for paralegal services at an hourly rate of $190 which is only ten dollars less than that hourly rate of attorney Shiroff.  The Court will authorize an hourly rate for all three paralegals of $125 per hour.

Plaintiff requests compensation for 82.60 hours of attorney services for a total of $25,335.00, and compensation for 7.10 hours of paralegal services for a total of $1,271.00: the attorney services by Mr. Delikanakis totaled 27.4 of the 82.6 hours.  Plaintiff's counsel prepared and filed a Complaint (#1), a Summons (#3), a Certificate of Interested Parties (#5), a Discovery Plan/Scheduling Order (#9), a Motion to Dismiss (#14), and a Motion to Strike (#16).  None of the motions or documents filed by Plaintiff were particularly complex, but they likely required research into the facts and circumstances underlying the contracts and business transactions between the parties.  Based on its review of the itemized billing records attached to Mr. Delikanakis's declaration, the Court finds that the hours billed by Mr. Delikanakis, Mr. Shiroff and their paralegal staff were reasonable.  The Court therefore recommends that Plaintiff be awarded $25,335.00 in attorney's fees, $887.50 in paralegal fees, and costs of suit in the amount of $618.70.  Accordingly,

**IT IS RECOMMENDED** that Plaintiff's Motion to Strike Answer and Motion for Entry of Default Judgment (#16) be **granted**.

**IT IS FURTHER RECOMMENDED** that Plaintiff be awarded default judgment in the amount of $353,785.06.

**IT IS FURTHER RECOMMENDED** that Plaintiff be awarded pre-judgment interest of $18,573.72, as of September 23, 2014, with additional interest at the rate of 5.25% through entry of the judgment.

**IT IS FURTHER RECOMMENDED** that Plaintiff be awarded attorney and paralegal fees in the amount of $26,222.50, together with costs of suit in the amount of $618.70.

DATED this 10th day of November, 2014.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge